UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBRA TITUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 09-12193-NMG |
| TOWN OF NANTUCKET, | ) | |
| KEITH MANSFIELD and | ) | |
| JOHN MUHR, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER**
**ON PLAINTIFF'S MOTION TO STRIKE**

September 29, 2011

DEIN, U.S.M.J.

This matter is before the court on the plaintiff's Motion to Strike various exhibits and paragraphs of the affidavit of defendant John Muhr submitted in support of the defendants' motion for summary judgment. For the reasons detailed herein, the Motion to Strike (Docket No. 25) is DENIED.

**Affidavit of John J. Muhr**

The plaintiff has moved to strike the following paragraphs of the Affidavit of John J. Muir:

¶ 3 in which he described what Dolores Bennett told him when he responded to her phone call;

¶ 4 in which he attests that the police confirmed that the 209A restraining order was in effect;

¶ 5 in which he described the substance of the restraining order;

¶ 6 in which he reported that he confirmed that the restraining order was in effect;

¶ 7 in which he attested to his understanding of the scope of the restraining order and reported what Dolores Bennett had told him;

¶ 18 in which he explained his understanding of the requirements of Mass. Gen. Law ch. 209A, § 7 regarding the requirement to arrest any person who the officer has probable cause to believe has violated a restraining order; and

¶ 20 in which he explained why and how much force he used to arrest the plaintiff, and why he believed he acted appropriately.

In addition, she has moved to strike Officer Muhr's incident report, attached as Exhibit A to his affidavit, to the extent that it contains statements made by Dolores Bennett. Finally, she has moved to strike Exhibit B to the defendants' motion, which includes the 209A Abuse Prevention Order, a statement of Dolores Bennett, and other documents.

The plaintiff contends that these materials should be stricken as inadmissible hearsay, because they "contain statements made by a Delores Bennett, not the signor of the affidavit, and contain references to documents outside of the signor's personal knowledge or is otherwise inadmissible." Pl. Mem. (Docket No. 26) at 2. The defendants contend that the statements are not being offered for the truth of the matter asserted. Rather, these documents are being offered only to establish what information the police officer had available to him when he made the decision to arrest the plaintiff.

The motion to strike is denied on that basis because the challenged information is appropriately considered in cases such as the present one when there is an issue as to whether the plaintiff's arrest was based on probable cause and the defendant has raised a defense of qualified immunity.  As the court explained in <u>Woods v. City of Chicago</u>, 234 F.3d 979 (7th Cir. 2000), in language applicable here:

> As the district court noted, the defendants offered the statements in the arrest report and the verified criminal complaint describing the details of the alleged altercation between Woods and Flores not for their truth, but to show the effect that the statements had on the officers.  Because the officers asserted the defense of qualified immunity, Woods had the burden at trial to prove that the police lacked probable cause to arrest him.  The determination of whether an arresting officer has probable cause to arrest an alleged offender turns on whether a reasonable person in the officer's position would have probable cause to believe that an offense has been committed. This inquiry, in turn, depends upon whether the facts and circumstances communicated to the arresting officer at the time of the arrest would warrant a reasonable officer in holding such a belief....  In this case, the defendants offered the information conveyed to the police by Flores and memorialized in the misdemeanor complaint and arrest report not to show that Woods had actually performed the conduct as reported in those documents, but rather to show that they had probable cause to arrest Woods based upon the information communicated to them by Flores.  The district court considered the statements strictly to determine the effect that they would have upon the arresting officers when communicated to them by a presumptively reliable citizen.  Thus, the district court did not run afoul of the prohibition on hearsay by considering these documents for this limited purpose.

<u>Id.</u> at 986-87 (internal citations omitted).  Similarly, in the instant case the challenged information will not be admitted for the truth of the matters asserted therein, but only on the issue of what information the defendant had available to him when he made the arrest.

See <u>Menebhi v. Mattos</u>, 183 F. Supp. 2d 490, 500 (D.R.I. 2002) ("Once a reasonably credible complaint has been made, the existence of probable cause does not depend upon the actual truth of the complaint. Instead, the focal point is the officer's knowledge." (internal citation omitted)). Consequently, the motion to strike is denied.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge
